UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH SPRUILL,

                                        Plaintiff,

                                                                5:20-cv-1376
v.
                                                                (LEK/TWD)

KIK CUSTOM PRODUCTS and CAMRON FULLER,

                                        Defendants.
_____

APPEARANCES:

JOSEPH SPRUILL
4295 U.S. Route 11
Apartment C-3
Cortland, NY 13045

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

                    **ORDER and REPORT-RECOMMENDATION**

        The Clerk has sent for review a complaint filed by *pro se* Plaintiff Joseph Spruill

pursuant to Title VII of the Civil Rights Act of 1962 ("Title VII") as amended, 42 U.S.C.

§2000e, et seq, alleging employment discrimination.  (Dkt. No. 1.)  Plaintiff has not paid the

filing fee and seeks leave to proceed *in forma pauperis* ("IFP Application").  (Dkt. No. 2.)

**I.      IFP APPLICATION**

        A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1).  After reviewing Plaintiff's IFP Application

(Dkt. No. 2), the Court finds he meets this standard.  Therefore, Plaintiff's IFP Application is

granted.

II.     **SUFFICIENCY OF THE COMPLAINT**

A.      **Standard of Review**

28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court

shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a

claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to

state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil

Procedure, which sets forth the general rules of pleading, "does not require detailed factual

allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*.

In determining whether a complaint states a claim upon which relief may be granted, "the

court must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)

(citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in

a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings.  *See*

*Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation

context, *pro se* litigants are held to a lesser pleading standard than other parties.").  Because

plaintiff is proceeding *pro se*, the Court construes her pleadings "to raise the strongest arguments

that they suggest."  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006)

(per curiam) (internal quotation marks omitted).  However, this "does not exempt a [*pro se*

litigant] from compliance with relevant rules of procedural and substantive law."  *Traguth v.*

*Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

Moreover, a court should not dismiss a *pro se* complaint "without giving leave to amend

at least once when a liberal reading of the complaint gives any indication that a valid claim might

be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and

internal quotation marks omitted).  However, an opportunity to amend is not required where "the

problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not

cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### B.    Summary of Plaintiff's Complaint

Plaintiff has filed a form Title VII complaint against his former employer, Kik Custom

Products, and Camron Fuller, Team Leader.  (Dkt. No. 1 at ¶ 3.[1])  Plaintiff alleges termination of

employment, unequal terms and conditions of employment, and retaliation on account of his

"race or color."  *Id.* at ¶¶ 4, 6.  Plaintiff also checked a box alleging "other" discrimination and

specified "age."  *Id.*  The facts are alleged as follows.

On November 4, 2019, Plaintiff "took Camron Fuller to H.R."  *Id.* at ¶ 8.  He spoke to

"Janet" and told her that Camron Fuller was "using his authority to intimidate and disrespect me

by calling me a Nigger."  *Id.*  Plaintiff claims H.R. "never did an investigation and never got

back to [him].  There was no action taken by H.R."  *Id.* at ¶ 9.

---

[1]  Page references to documents identified by docket number are to the page numbers
assigned by the CM/ECF docketing system maintained by the Clerk's Office.  Paragraph
numbers are used where documents identified by the CM/ECF docket number contain
consecutively numbered paragraphs.  Unless noted, excerpts from the record are reproduced
exactly as they appear in the original and errors in spelling, punctuation, and grammar have not
been corrected.

On February 25, 2020, Camron Fuller "turned [Plaintiff's] pump up causing it to burst [his] hose." *Id*. at ¶ 8.  Plaintiff reported the incident to supervisor David Forehand.  *Id*. at ¶ 9.  Although the supervisor "agreed" that Camron Fuller "had no right to touch [Plaintiff's] pump," Camron Fuller was "never written up for it and there was no disciplinary action taken." *Id*.

On March 2, 2020, Plaintiff "was told that [he] had a meeting with H.R." *Id*.  Camron Fuller had "told H.R. [Plaintiff] threatened and choked him." *Id*. at ¶ 8.  Two co-workers were called as witnesses for Camron Fuller.  *Id*. at ¶¶ 8, 9.  "They both told H.R. they didn't hear or see anyone threatening or touching Camron." *Id*.  at ¶ 9.  Two days later, on March 4, 2020, Plaintiff was "fired because of Camron." *Id*.

On May 14, 2020, Plaintiff filed charges and on August 31, 2020, the U.S. Equal Employment Opportunity Commission issued a Notice-of-Right-to Sue letter.  *Id*. at ¶¶ 10, 11.[2]

Plaintiff seeks compensatory damages and seeks to hold Defendants "fully accountable for their actions in discrimination and retaliation." *Id*. at ¶ 15.

### C.      Analysis

### 1.      Claims Against Defendant Kik Custom Products

Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  To state a claim under Title VII, Plaintiff must establish (1) that he is a member of the protected class, (2) that he was qualified for the position, (3) that he was subject to an adverse employment decision, and (4) that

---

[2]  Plaintiff submitted a copy of the Notice-of-Right-to-Sue letter on November 16, 2020. (Dkt. No. 4.)  The Clerk is directed to attach Dkt. No. 4 to the complaint.

the adverse employment decision was made under circumstances giving rise to an inference of

unlawful discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Byrnie*

*v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001); *Vega v. Hempstead Union*

*Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015). The allegations need only give the defendant

"fair notice of what petitioner's claims are and the grounds upon which they rest." *Swierkiewicz*

*v. Sorema N. A.*, 534 U.S. 506, 514 (2002). Thus, a plaintiff has a "minimal burden of showing

facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795

F.3d 297, 311 (2d Cir. 2015).

In addition, "[t]o state a claim for retaliation in violation of Title VII, a plaintiff must

plead facts that would tend to show that: (1) []he participated in a protected activity known to the

defendant; (2) the defendant took an employment action disadvantaging h[im]; and (3) there

exists a causal connection between the protected activity and the adverse action." *Patane v.*

*Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citation omitted).

Here, although Plaintiff does not specify his "race or color," he states Camron Fuller

called him a racial slur. (Dkt. No. 1 at ¶ 8.) Additionally, the Notice-of-Right-to-Sue letter

indicates: "You allege that you were denied union representation, subjected to a difference in

terms/conditions, discharged and retaliated against because of your race, African American, and

color." (Dkt. No. 4 at 1.) Plaintiff also complains he was terminated after filing an in-house

complaint with "H.R." concerning purported disparate treatment based on his race and color.

(Dkt. No. 1 at ¶ 8.)

Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be

liberally construed, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008),

the Court recommends that Plaintiff's Title VII claims survive initial review and require a

response.  In so recommending, the Court expresses no opinion as to whether Plaintiff's claims

can withstand a properly filed motion to dismiss or for summary judgment.

The Court reaches a different result, however, as to any claims purportedly brought under

the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.

Although Plaintiff checked a box on the form Title VII complaint claiming discrimination on

account of his "age," Plaintiff provides no facts or argument to support this allegation.  (Dkt. No.

1 at ¶ 4.)  In order to state a prima facie claim for age discrimination in violation of the ADEA, a

plaintiff must establish a prima facie case by showing membership in a protected class—"at least

40 years of age," 29 U.S.C. § 631(a), qualified for the position, suffered an adverse employment

action, and that there exist circumstances supporting an inference of discrimination.  *See Stratton*

*v. Department for the Aging for the City of N.Y.*, 132 F.3d 869, 879 (2d Cir. 1997).

Here, Plaintiff has not alleged he was within the age parameter of the ADEA and the

body of the complaint makes no mention of age discrimination.  Accordingly, the Court

recommends that Plaintiff's ADEA claim be dismissed with leave to replead pursuant to 28

U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.[3]

## 2.      Claims against Defendant Camron Fuller

To the extent Plaintiff purports to assert Title VII claims against Camron Fuller, Team

Leader, such claims must be dismissed because "individuals are not subject to liability under

Title VII."  *Patterson v. Cty. of Oneida, New York*, 375 F.3d 206, 221 (2d Cir. 2004) (quotation

---

[3]  Should the District Judge permit Plaintiff the opportunity to file an amended complaint, and if he then chooses to file an amended complaint, any amended complaint he may file will supercede and replace entirely the original complaint he filed in this action.  Therefore, the amended complaint must include all the facts and claims he wishes the Court to consider, including any claims that from the original complaint that were permitted to proceed, as well as any relevant exhibits the undersigned wishes the Court to consider.

marks and citation omitted); *see Mandell v. Cty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("the district court's dismissal of [the] plaintiff's Title VII claims against [the defendant] in his personal capacity must be affirmed because under Title VII individual supervisors are not subject to liability.").  Similarly, "it is well established that there is no individual liability under the ADEA."  *Edwards v. Onondaga Comm. Coll.*, No. 5:14-CV-1329 (MAD/DEP), 2015 WL 224782, at *8 (N.D.N.Y. Jan. 15, 2015) (citing *Guerra v. Jones*, 421 Fed. Appx. 15, 17 (2d Cir. 2011)).

Therefore, the Court recommends dismissing Plaintiff's Title VII and ADEA claims against Camron Fuller with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's Title VII claims against Defendant Kik Custom Products survive initial review and require a response; and it is further

**RECOMMENDED** that Plaintiff's ADEA claims against Defendant Kik Custom Products be **DISMISSED WITH LEAVE TO REPLEAD** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**RECOMMENDED** that Plaintiff's Title VII and ADEA claims against Defendant Camron Fuller be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**RECOMMENDED** that the Clerk be directed to terminate Defendant Camron Fuller from the docket; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with a copy of the unpublished decision cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated:  November 25, 2020
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

2015 WL 224782
Only the Westlaw citation
is currently available.
United States District Court,
N.D. New York.

Cindy A. EDWARDS, Plaintiff,
v.
ONONDAGA COMMUNITY COLLEGE,
Wendy Hammond, Karen Hale,
and Eunice Williams, Defendants.

No. 5:14−CV−1329 (MAD/DEP).
|
Signed Jan. 15, 2015.

**Attorneys and Law Firms**

Cindy A. Edwards, Skaneateles, NY, pro se.

# ORDER

MAE A. D'AGOSTINO, District Judge.

 **\*1** On October 31, 2014, Plaintiff commenced this action *pro se* pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. *See* Dkt. No. 1. Plaintiff alleges that Defendants violated the ADEA by terminating Plaintiff's employment, failing to promote Plaintiff, and creating a hostile work environment because of Plaintiff's age and by retaliating against Plaintiff for opposing a practice made unlawful under the ADEA. *See id.* at 23. Plaintiff was fifty-four years old at the time of the alleged discriminatory acts. *Id.* at 3.

In a Report, Recommendation, and Order dated December 17, 2014, Magistrate Judge David E. Peebles granted Plaintiff's application to proceed in forma pauperis ("IFP") and reviewed the sufficiency of Plaintiff's complaint. *See* Dkt. No. 4. Magistrate Judge Peebles first found that Plaintiff had not alleged facts plausibly suggesting that she had been terminated, but that Plaintiff plausibly stated a claim for relief under the ADEA based on the reduction of her hours. *See id.* at 9–11. Magistrate Judge Peebles then found that Plaintiff did not allege any existing position at Defendant Onondaga Community College ("OCC") that she was not promoted to under circumstances giving rise to an inference of discrimination, and thus failed to state a cause of action based on Defendants' failure to promote her. *See id.* at 11. Further, Magistrate Judge Peebles found that Plaintiff's allegations were sufficient to state a cause of action for retaliation under the ADEA. *See id.* at 11–12. With respect to Plaintiff's hostile work environment claims, Magistrate Judge Peebles found that Plaintiff failed to allege facts that plausibly suggested that Defendant Hammond, Plaintiff's supervisor, demonstrate hostility towards Plaintiff because of Plaintiff's age. *See id.* at 12–13. Accordingly, Magistrate Judge Peebles recommended that Plaintiff's ADEA claims based on the failure to promote her and on a hostile work environment be dismissed. *Id.* at 11, 13. Finally, Magistrate Judge Peebles noted that "[i]t is well established that there is no individual liability under the ADEA," and thus recommended that Plaintiff's claims against Defendants Hammond, Hale, and Williams be dismissed with prejudice. *Id.* at 13. Magistrate Judge Peebles then recommended that Plaintiff be given the

opportunity to amend the complaint with respect to her failure to promote and hostile work environment claims against Defendant OCC, but not with respect to her claims against Defendants Hammond, Hale, and Williams because permitting amendment on those claims would be futile. *Id.* at 15. Plaintiff has not objected to Magistrate Judge Peebles' Report, Recommendation, and Order.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas,* 848 F.Supp. 332, 333–34 (N.D.N.Y.1994) (internal citations omitted).

**\*2** When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a *"de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir,* No. 9:08–CV–322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011)

(citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se,* waives any challenge to the report on appeal. *See* *Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson,* 968 F.2d 298, 299 (2d Cir.1992); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Peebles provided Plaintiff with adequate notice that she was required to file any objections to the Report, Recommendation, and Order, and specifically informed her that failure to object to any portion of the report would preclude her right to appellate review.

2015 WL 224782

*See* Dkt. No. 4 at 18 ("FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993)").

Having reviewed Magistrate Judge Peebles' Report, Recommendation, and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss Plaintiff's complaint against Defendants Hammond, Hale, and Williams with prejudice. The Court further finds that Magistrate Judge Peebles correctly determined that Plaintiff's complaint fails to state a claim under the ADEA based on Defendant OCC's alleged failure to promote Plaintiff and its creation of a hostile work environment, for the reasons outlined in Magistrate Judge Peebles' Report, Recommendation, and Order. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir.1991). Accordingly, the Court also adopts Magistrate Judge Peebles' recommendation that Plaintiff be permitted an opportunity to amend her complaint as to her claims against Defendant OCC.

**\*3** In light of the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report, Recommendation, and Order (Dkt. No. 4) is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's claims based upon Defendant OCC's failure to promote Plaintiff and creation of a hostile work environment are **DISMISSED with leave to replead;** and the Court further

**ORDERS** that Plaintiff's claims against Defendants Hammond, Hale, and Williams are **DISMISSED with prejudice;** and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is otherwise accepted for filing; [1] and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named Defendant; and the Court further

**ORDERS** that the Clerk of the Court is directed to schedule a Rule 16 conference; and the Court further

**ORDERS** that subsequent to service of process on Defendant, Defendant or its counsel shall file a formal response to Plaintiff's complaint as provided for in the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261–7367. Any paper

sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned without processing. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Local Rules. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; her failure to do so will result in the dismissal of this action. The Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

*REPORT, RECOMMENDATION,
AND ORDER*

[DAVID E. PEEBLES](), United States Magistrate Judge.

*Pro se* plaintiff Cindy A. Edwards has commenced this action against her former employer, Onondaga Community College ("OCC"), and three OCC employees alleging discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), as amended, [29 U.S.C. § 621 *et seq.*]() Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for consideration. Based upon my review, plaintiff's IFP application is granted, and I recommend that she be permitted to proceed against defendant OCC in connection with her ADEA claim based on allegations that her hours were reduced and she was retaliated against. I further recommend, however, that the remaining claims, including the ADEA claims against the individual defendants, be dismissed.

I. *BACKGROUND*
 **\*4** Plaintiff commenced this action on October 31, 2014, by the filing of a complaint and accompanying IFP application. Dkt. Nos. 1, 2. Generally, plaintiff alleges that she has worked as an academic tutor for the Content Tutoring Center ("CTC") at OCC since 2003. Dkt. No. 1 at 5. She also performed clerical work for the CTC "to increase [her] hours" and worked at the CTC reception desk in the evenings. *Id.* Plaintiff alleges she tutored and did clerical work from noon until four o'clock in the afternoon, and then worked at the CTC desk from four o'clock until eight o'clock in the evening. *Id.* at 6. Beginning in the fall of 2012, however, with respect to the clerical work and the CTC desk job, she was replaced by younger individuals and told that the changes were due to budget cuts. *Id.* at 7, 8. At or around the same time period, plaintiff's supervisor became hostile towards her. *Id.* When plaintiff confronted her supervisor, she was told that she was a good employee and well regarded. *Id.* at 7. Plaintiff, however, filed a grievance against her supervisor in accordance with the

2015 WL 224782

OCC human resources policy. *Id.* at 8. As a result of the grievance, plaintiff learned that "there was no change to the budget." *Id.* at 9. In addition, as a result of the grievance, plaintiff and her supervisor were advised not to communicate with each other directly, and the supervisor advised human resources that she did not want to work with plaintiff because, due to the grievance, "she was uncertain that she could remain civil toward [plaintiff]." *Id.* Following the filing of the grievance, plaintiff was replaced as the tutor for architecture and design. *Id.* at 10.

Plaintiff's complaint asserts claims of age discrimination in violation of the ADEA against OCC; Wendy Hammond, a Technical Specialist employed by OCC; Karen Hale, a Content Tutoring Center Coordinator also employed by OCC; and Eunice Williams, an OCC Human Resources representative. As relief, Edwards seeks recovery of monetary damages, including compensatory, emotional distress, and punitive damages, as well as costs and attorney's fees.

## II. *DISCUSSION*

### A. *Application for Leave to Proceed In Forma Pauperis*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff meets the

requirements for IFP status, her application for leave to proceed IFP is granted.[2]

### B. *Sufficiency of Plaintiff's Claims*

#### 1. *Standard of Review*

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**\*5** In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference to *pro se* litigants, *Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact

that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States,* Nos. 99–MC–0304, 99–MC–0408, 1999 WL 1067841, at *2 (D.Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir.1998)); *see also* *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan,* 49 F.3d 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915 [ (e) ], may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

2. *Analysis of Plaintiff's Claims*

**\*6** In her complaint, plaintiff alleges that the defendants violated the ADEA by (1) terminating her employment; (2) failing to promote her; (3) retaliating against her; and (4) creating a hostile work environment. Dkt. No. 1 at 2–3. Under the ADEA, "it shall be unlawful for an employer ... to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.

§ 623(a). The ADEA also prohibits an employer from retaliating against an individual who has asserted rights under the ADEA. 29 U.S.C. § 623(d); *Boland v. Town of Newington,* 304 F. App'x 7, 9 (2d Cir.2008).

"The pleading standard for employment discrimination complaints is somewhat of an open question in [this] circuit." *Hedges v. Town of Madison,* 456 F. App'x 22, 23 (2d Cir.2012). Prior to 2002, plaintiff's claiming employment discrimination were required to plead a *prima facie* case under *McDonnell Douglas v. Green,* 411 U.S. 792 (1973). *Hedges,* 456 F. App'x at 23. In 2002, however, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002). *Swierkiewicz,* however, was decided before *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), which, arguably, heightened the general pleading standard and now requires a complaint to contain sufficient allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Although the Second Circuit has not established a specific pleading standard for employment discrimination claims since the issuance of *Twombly,* courts in this circuit have concluded that "a complaint need not establish a prima facie case of employment discrimination ..., [but] the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Barbosa v. Continuum Health Partners, Inc.,* 716 F.Supp.2d 210, 215 (S.D.N.Y.2010)

(footnote and quotation marks omitted); *accord,* *Johnson v. Long Island Univ.,* ––– F.Supp.3d ––––, No. 13–CV–2464, 2014 WL 4926324, at *6 (S.D.N.Y. Sept. 30, 2014). With this in mind, I now proceed to analyzing the allegations in plaintiff's complaint.

a. *Reduction in Hours*

Although plaintiff alleges that she was terminated by defendant OCC based on her age, there are no facts alleged that plausibly suggest she has been technically terminated. Instead, she contends that her hours were significantly reduced and offered to younger individuals. Dkt. No. 1 at 7, 9. A reduction in hours can suffice to constitute an adverse employment action for purposes of the ADEA. *See* *Galabya v. N.Y. City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000) (finding that an employee-plaintiff can establish adverse action in an ADEA case by, *inter alia,* demonstrating that her wage or salary decreased). Plaintiff has also alleged that, on multiple occasions, she was praised for her job performance and assured she was well regarded by her fellow tutors and students, all of which plausibly suggest that plaintiff was qualified for her position. Dkt. No. 1 at 6, 7. Although plaintiff was told that the personnel changes, which eliminated her clerical work and hours at the CTC desk, were due to budgetary concerns, she was later informed that no changes to the budget prompted her replacement. *Id.* at 8, 9. In or about February 2013, plaintiff learned that she was removed from the CTC desk job because of an allegation that she had improperly accessed confidential files. *Id.* at 9. Plaintiff denies this allegation and contends that she accessed only files she was permitted

Case 5:20-cv-01376-LEK-TWD   Document 5   Filed 11/30/20   Page 16 of 19

or requested to access by her supervisor. *Id.* at 9–10. In the absence of any other reason for replacing her, and in light of the positive job performance reviews, plaintiff alleges that the decision to eliminate her clerical and CTC-desk-job responsibilities was based on her age. *Id.* at 10.

**\*7** Mindful of my obligation to liberally construe a *pro se* litigant's complaint, I find that the above-described allegations are sufficient to survive initial review pursuant to section 1915(e) and recommend plaintiff be permitted to pursue her ADEA claim based on allegations that her hours were reduced.

b. *Failure to Promote*
The failure to promote an employee may also serve as adverse action in the context of an ADEA claim. *Wanamaker v. Columbian Rope Co.,* 907 F.Supp. 522, 535 (N.D.N.Y.1995) (citing *Penny v. Winthrop–Univ. Hosp.,* 883 F.Supp. 839 (E.D.N.Y.1995)). A careful review of plaintiff's complaint, however, fails to reveal any position at OCC into which she was not promoted under circumstances giving rise to an inference of discrimination. Accordingly, I recommend dismissal of any alleged failure to promote ADEA cause of action.

c. *Retaliation*
As was noted above, the ADEA prohibits an employer from discriminating against an individual because she has opposed a practice made unlawful under the Act. 29 U.S.C. § 623(d); *Boland,* 304 F. App'x at 9. To state a retaliation claim under the ADEA, a complaint must plead sufficient allegations plausibly suggesting that "(1) [the plaintiff] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [the plaintiff]; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane v. Clark,* 508 F.3d 106, 115 (2d Cir.2007); *see also Gorzynski v. JetBlue Airways Corp.,* 596 F.3d 93, 110 (2d Cir.2010).

Liberally construed, plaintiff's complaint alleges that, after she filed a grievance regarding her clerical and CTC desk responsibilities being turned over to younger individuals, another individual was hired to replace her as a tutor of architecture and design. Dkt. No 1 at 8, 10. Given the temporal proximity between plaintiff's filing of her grievance and that alleged adverse action, at this early procedural juncture, I recommend that plaintiff be permitted to pursue her ADEA retaliation cause of action.

d. *Hostile Work Environment*
The ADEA protects an employee from the existence of a hostile work environment based upon age. "An actionable discrimination claim based on hostile work environment under the ADEA is one for which the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 240 (2d Cir2007) (quotation marks omitted). Plaintiff's complaint in this action, however, only conclusorily alleges that she was subjected to increased hostility by her supervisor,

who is alleged to have shouted angrily at her "on several occasions," but fails to allege any facts plausibly suggesting that her supervisor's hostility toward her was based on, or otherwise motivated by, her age. *See* Kassner, 496 F.3d at 241 ("A plaintiff must also demonstrate that she subjected to the hostility because of her membership in a protected class."). While plaintiff alleges that she was replaced by younger individuals, she does not allege any facts that suggest her supervisor's hostile conduct was precipitated by plaintiff's age. Accordingly, I recommend dismissal of plaintiff's ADEA claim to the extent that it is deemed to include a hostile work environment cause of action.

### e. *Individual Liability*

**\*8** In addition to OCC, plaintiff has named three individuals as defendants. The ADEA defines employer as "a person engaged in an industry affecting commerce who has twenty or more employees[.]" 29 U.S.C. § 630(b). It is well established that there is no individual liability under the ADEA. Guerra v. Jones, 421 F. App'x 15, 17 (2d Cir.2011). Accordingly, I recommend that plaintiff's claims against defendants Wendy Hammond, Karen Hale, and Eunice Williams be dismissed.

### C. *Whether to Permit Amendment*

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a)

( "The court should freely give leave when justice so requires."); Mathon v. Marine Midland Bank, N.A., 875 F.Supp. 986, 1003 (E.D .N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir.2000); *see also* Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, because it is clear that, even given the opportunity to amend, plaintiff could not cure the defects cited above with respect to the ADEA claim asserted against the three individual defendants, I recommend against granting her leave to amend those claims. I further recommend, however, that plaintiff be afforded the opportunity to amend her complaint with respect to the ADEA claims asserted against OCC based on an alleged failure to promote and the existence of a hostile work environment.

### III. *SUMMARY AND RECOMMENDATION*

Based on plaintiff's IFP application, I find she qualifies for that status. Accordingly, her IFP application is granted. Turning to the merits of her complaint, I conclude that plaintiff has alleged sufficient facts to survive initial review with respect to her ADEA claims based on a reduction of her hours and retaliation. Plaintiff's ADEA claims based on allegations of failure to promote and hostile work environment, however, should be dismissed with leave to amend. In addition, plaintiff's ADEA claims against the individual defendants is subject to dismissal with prejudice.

**\*9** Based upon the foregoing, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis,* (Dkt. No. 2), is GRANTED; and it is further

ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules; and it is hereby respectfully

RECOMMENDED that plaintiff's ADEA claims based upon the allegations that she was discriminated against based on a failure to promote and hostile work environment be DISMISSED,

with leave to replead; and it is further hereby

RECOMMENDED that plaintiff's ADEA claims asserted against the individual defendants be DISMISSED with prejudice; and it is hereby

RECOMMENDED that plaintiff's complaint otherwise be accepted for filing; and it further hereby

RECOMMENDED that, if the assigned district judge adopts this report, a further order be issued as follows:

(1) The clerk of the court shall issue summonses and forward them with copies of the amended complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named defendants.

(2) The clerk is directed to schedule a Rule 16 conference.

(3) Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

(4) All pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261–7367. *Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.* Plaintiff

WESTLAW © 2020 Thomson Reuters. No claim to original U.S. Government Works.

must comply with any requests by the clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. ***Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so will result in the dismissal of this action.***

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing

report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993).

**\*10** Dated: December 17, 2014.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 224782

## Footnotes

1  Plaintiff's remaining claims are her ADEA claims against Defendant OCC based on the reduction of Plaintiff's hours and on retaliation.

1  The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States,* 71 Fed. Cl. 366, 367 (Fed.Cl.2006); *see also Fridman v. City of N.Y.,* 195 F.Supp.2d 534, 536 n.1 (S.D.N.Y.2002).

2  Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

End of Document

© 2020 Thomson Reuters. No claim to original U.S. Government Works.