UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

JOSEPH SPRUILL,

                            Plaintiff,

-against-                                      5:20-CV-1376 (LEK/TWD)

KIK CUSTOM PRODUCTS, *et al.*,

                            Defendants.
─────────────────────────────────────────────

## DECISION AND ORDER

**I.  INTRODUCTION**

On November 5, 2020, pro se plaintiff Joseph Spruill filed this action pursuant to Title VII of the Civil Rights Act of 1962 as amended, 42 U.S.C. § 2000e *et seq.*, alleging employment discrimination against Kik Custom Products and Camron Fuller. Dkt. No. 1 ("Complaint"). On November 30, 2020, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, recommended that Plaintiff's Title VII claims against Kik Custom Products survive 28 U.S.C. § 1915(e) review, Plaintiff's Age Discrimination in Employment Act of 1967 ("ADEA") claims against Kik Custom Products be dismissed with leave to replead, and Plaintiff's Title VII and ADEA claims against Fuller be dismissed with prejudice. Dkt. No. 5 ("Report-Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

**II.  BACKGROUND**

The facts are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 3–4.

**III.  STANDARDS OF REVIEW**

### A. Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Section 1915(e)

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. See id.

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted).

**IV.    DISCUSSION**

Plaintiff filed objections in which he discusses Kik Custom Products' adverse employment action and asks the Court to proceed this case to trial. Dkt. No. 6. These objections do not discuss the merits of Plaintiff's dismissed ADEA claims or the merits of his Title VII claim brought against an individual. Defendants did not file objections. Thus, the Court subjects the whole Report-Recommendation to clear error review. See Barnes, 2013 WL 1121353, at *1.

The magistrate judge recommended dismissal of Plaintiff's ADEA claim against Kik Custom Products because he provided "no facts or argument to support this allegation." R. & R. at 6. The magistrate judge recommended dismissal of Plaintiff's ADEA claim and Title VII claim against Fuller because individuals cannot be held liable under Title VII or the ADEA. Id. at 6–7; see Guerra v. Jones, 421 Fed. App'x 15, 17 (2d Cir. 2011); Mandell v. County Of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003). These findings are not clearly erroneous and so the Court adopts the Report-Recommendation in its entirety.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Title VII claims against Kik Custom Products survive initial review and require a response; and it is further

**ORDERED**, that Plaintiff's ADEA claims against Kik Custom Products are **DISMISSED with leave to replead** pursuant to § 1915(e)(2)(B); and it is further

**ORDERED**, that Plaintiff's Title VII and ADEA claims against Camron Fuller are **DISMISSED with prejudice** pursuant to § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Camron Fuller from the docket; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 27, 2021
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge